Case 2:23-cv-00260-RHW    ECF No. 15    filed 09/27/24    PageID.1576    Page 1 of 17

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 27, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEA K., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY COMMISSIONER OF SOCIAL SECURITY, [1] <br><br> Defendant. | No. 2:23-CV-00260-RHW <br><br><br> REPORT AND RECOMMENDATION |

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 10, 12. Attorney Victoria Chhagan represents Lea K. (Plaintiff); Special Assistant United States Attorney Frederick Fripps represents the Commissioner of Social Security (Defendant). This matter was referred to the undersigned magistrate judge for issuance of a report and recommendation. ECF No. 14. After reviewing the administrative record and the briefs filed by the parties, the Court **RECOMMENDS** Plaintiff's Motion, ECF No. 10, be granted and Defendant's Motion, ECF No. 12, be denied.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley, Commissioner of Social Security, is substituted as the named Defendant.

REPORT AND RECOMMENDATION . . . - 1

## I.　　JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on October 1, 2019, alleging onset of disability beginning October 1, 2019.  Tr. 15, 86, 283-92.  The applications were denied initially and upon reconsideration.  Tr. 138-51, 154-62.  Administrative Law Judge (ALJ) David J. Begley held a hearing on June 10, 2022, Tr. 51-85, and issued an unfavorable decision on June 29, 2022.  Tr. 12-41.  The Appeals Council denied Plaintiff's request for review on July 5, 2023, Tr. 1-6, and the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on September 7, 2023.  ECF No. 1.

## II.　　STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and only briefly summarized here.  Plaintiff was born in March 1994 and was 25 years old on the alleged onset date.  Tr. 33.  She has a GED.  *Id*.

## III.　　STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.

Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.  SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) that Plaintiff can perform other substantial gainful activity; and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot

make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V.     ADMINISTRATIVE DECISION

On June 29, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-35.

At *step one*, the ALJ found Plaintiff, who met the insured status requirements of the Social Security Act through December 31, 2020, had not engaged in substantial gainful activity since the alleged onset date. Tr. 18.

At *step two*, the ALJ determined Plaintiff had the following severe impairments: post-traumatic stress disorder (PTSD), bipolar disorder, major depressive disorder, generalized anxiety disorder, borderline personality disorder, and panic disorder. *Id*.

At *step three*, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work, with the following limitations:

> [Plaintiff] needs to avoid concentrated exposure to hazardous machinery and unprotected heights; she is able to understand, remember, and carry out simple instructions; she is able to use judgement and make simple work related decisions; she needs to avoid direct interaction with the general public; and she is limited to only occasional interaction with coworkers and supervisors, but she is prohibited from performing any tandem tasks.

Tr. 23.

At *step four*, the ALJ found Plaintiff had no past relevant work. Tr. 33.

At *step five*, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national

economy, including the jobs of price marker, packager, and silverware wrapper. Tr. 34.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 35.

## VI.   ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and Title XVI of the Social Security Act. The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff raises the following issues for review: (1) whether the ALJ properly evaluated the medical opinion evidence; and (2) whether the ALJ properly evaluated Plaintiff's symptom complaints. ECF No. 10 at 1-2.

## VII.   DISCUSSION

A.   **<u>Medical Opinion Evidence</u>**.

Plaintiff contends the ALJ improperly evaluated the medical opinions of Raul Padilla, ARNP; Shara Lozier, LMHC; Michael Regets, PhD; and Rita Flanagan, PhD. ECF No. 10 at 4-16.

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

REPORT AND RECOMMENDATION . . . - 5

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.* Supportability and consistency are explained in the regulations:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The Ninth Circuit addressed the issue of whether the 2017 regulatory framework displaced the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the 2017 regulations, an ALJ must provide an explanation

REPORT AND RECOMMENDATION . . . - 6

supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id*. at 792.

1. *Mr. Padilla.*

On January 25, 2020 Raul A. Padilla, ARNP, conducted a psychological consultative examination on behalf of DDS and rendered an opinion on Plaintiff's level of functioning. Tr. 407-12. Mr. Padilla diagnosed Plaintiff with PTSD, panic disorder, bipolar disorder, major depression, and generalized anxiety disorder. Tr. 411. Mr. Padilla opined Plaintiff had the ability to reason but that it was adversely affected when psychiatric symptoms occurred. *Id*. He opined she could understand abstract concepts, procedures, and tasks but "does have memory issues." *Id*. He opined "recent memory does not appear to be an issue . . . [h]owever, with remote memory there appears to be moderate to extreme difficulties and long periods she cannot remember in her past." *Id*. He opined Plaintiff was unable to sustain concentration at work or in public environments due to manifestation of her symptoms, and "once these symptoms exacerbate, she is not able to continue the tasks that are required at work or in a social environment such as shopping." *Id*. He noted "a history of these symptoms appears to have adversely affected social interaction and often she prefers to stay at home and requires significant support in order to engage socially" and opined "[a]daption is possible at home, but does not appear to be possible at a work environment." *Id*.

The ALJ found Mr. Padilla's opinion somewhat persuasive because his opinion that her recent memory was not impaired was consistent with his examination. Tr. 31. The ALJ found Mr. Padilla's opinion less persuasive, however, because it was based on a one-time examination and relied in part on Plaintiff's subjective complaints; it was inconsistent with Dr. Nelson's opinion; mental health records showed Plaintiff responded to treatment; and another

REPORT AND RECOMMENDATION . . . - 7

provider opined that Plaintiff significantly underestimated her executive functioning.  Tr. 31-32.

First, the ALJ found Mr. Padilla's opinion only somewhat persuasive because it was based on a one-time examination and relied in part on Plaintiff's subjective complaints.  Plaintiff contends the fact Mr. Padilla saw Plaintiff only once and relied on Plaintiff's subjective complaints were not sufficient reasons to reject his opinion because the ALJ acknowledged his expertise, Mr. Padilla is a mental health specialist, DDS requested Mr. Padilla perform the evaluation, and all providers rely in part on Plaintiff's subjective complaints.  ECF No. 10 at 5-6, 8-9.  Defendant contends substantial evidence supported the evaluation of Mr. Padilla's opinion.  ECF No. 12 at 7-9.  The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).  Additionally, the Ninth Circuit in *Ghanim* contemplated that medical sources rely on self-reports to varying degrees and held that an ALJ may reject a medical source's opinion as based on unreliable self-reports only when the medical source relied "more heavily on a patient's self-reports than on clinical observations."  *Ghanim v. Colvin,* 763 F.3d 1154, 1162 (9th Cir. 2014).

Here, while the ALJ discounted Mr. Padilla's opinion because he only saw Plaintiff once, earlier in the discussion the ALJ credited the examiner because the one-time psychological consultative examination was performed at the request of DDS, and the ALJ also found that Mr. Padilla was "an expert and is familiar with the Social Security . . . programs." Tr. 31.  Mr. Padilla also explained in his report that he reviewed medical records and he performed a history and mental status

REPORT AND RECOMMENDATION . . . - 8

exam and supported his opinion of Plaintiff's level of functioning with explanation of his observations and findings. Tr. 407-12. While Mr. Padilla did note that some historical information in his report was based on Plaintiff's statements during the evaluation, he also documented his clinical interview and mental status exam and noted objective findings including observation of Plaintiff's subdued and anxious mood with congruent affect, some abnormal thought content, and evidence of "poor remote memory for multiple periods of her life" during that exam. Tr. 407, 410. Mr. Padilla had some familiarity with Plaintiff's records and documented his exam, observations, and clinical findings in support of his opinion, and the ALJ also credited portions of the opinion because of his expertise and the fact that the one-time evaluation was performed at the request of DDS. Tr 31. There is also no indication Mr. Padilla relied more heavily on patient's self-reports than on his own clinical observations. On this record, the ALJ's conclusion that Mr. Padilla's opinion was less persuasive because it was a one-time exam based in part on Plaintiff's subjective complaints is not supported by substantial evidence.

       The ALJ also found Mr. Padilla's opinion Plaintiff had moderate to extreme limitations in her remote memory unpersuasive because it was not consistent with Dr. Nelson's opinion. Tr. 32. The more consistent an opinion is with the evidence from other sources, the more persuasive the opinion is. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Here, the ALJ citied a portion of an opinion by Dr. Nelson where she explained that in terms of ADHD, Plaintiff's "extensive history of trauma, and the pervasive nature of cognitions associated with her personality disorder, her chronic marijuana use," and caring for young children were all likely to have substantial impacts on the Plaintiff's attention; Dr. Nelson opined that with "targeted personality and trauma treatment, [Plaintiff] should expect her attention and memory complaints to improve substantially." Tr. 32. (citing Tr. 1225). The ALJ failed to sufficiently address this opinion, however, and

selectively cited from it; Dr. Nelson performed a neuropsychological evaluation in March 2021 and provided findings and an opinion concerning additional limitations that are not addressed by the ALJ anywhere in the decision. Tr. 1218-25. Dr. Nelson opined, for example, just prior to the selection cited by the ALJ, that Plaintiff's avoidant personality disorder "appears to be so pervasive that it is causing cognitive distortions akin to paranoia that interfere with her brain's capacity for attention and therefore memory." Tr. 1225.

      The ALJ is required to articulate the persuasiveness of all medical opinions in the case record using the factors listed in 20 C.F.R. §§ 404.1520c and 416.920c. Additionally, an ALJ must consider all of the relevant evidence in the record and may not point to only those portions of the records that bolster his findings. *See, e.g., Holohan v. Massanari*, 246 F.3d 1195, 1207-08 (9th Cir. 2011) (holding that an ALJ cannot selectively rely on some entries in plaintiff's records while ignoring others). Here, the ALJ found Mr. Padilla's opinion only somewhat persuasive because it was inconsistent with Dr. Nelson's opinion, but the ALJ cited a brief portion of Dr. Nelson's opinion and failed to address relevant portions of that opinion that appear more consistent with Mr. Padilla's opinion or to address the persuasiveness of Dr. Nelson's opinion using the factors as required by the regulations. Tr. 32, 1218-25. Accordingly, the ALJ erred as he failed to fully address/account for Dr. Nelson's opinion. In full, Dr. Nelson's opinion appears more consistent with Mr. Padilla's opinion that Plaintiff has significant memory and attention issues; and in selectively citing portions of Dr. Nelson's opinion to discount Mr. Padilla's opinion, the ALJ's conclusions are also not supported by substantial evidence.

      Additionally, as Plaintiff points out, Dr. Nelson's opinion concerning future improvement with targeted personality and trauma treatment is not relevant to Plaintiff's limitations during the period at issue. ECF No. 10 at 7. Without the

REPORT AND RECOMMENDATION . . . - 10

ALJ offering more than his stated conclusions, the Court is unable to meaningfully review whether the ALJ's interpretation of the evidence is reasonable. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (requiring the ALJ to identify the evidence supporting the found conflict to permit the Court to meaningfully review the ALJ's finding).

The ALJ also discounted the opinion of Mr. Padilla (and Dr. Nelson) because Plaintiff responded to treatment and because another provider, Ms. Delsol, "believed that [Plaintiff] significantly underestimated her executive functioning" based on ability to coordinate her family's care, navigate custody proceedings for her stepdaughter, and pursue a loan and navigate home buying process. Tr. 32. However, as discussed *supra*, the ALJ selectively relied on portions of the record that showed milder findings while failing to discuss relevant evidence, including the evaluation and full opinion of Dr. Nelson, which showed more mixed results during the period at issue. Plaintiff also contends that evidence of the activities listed by the ALJ did not undermine Mr. Padilla's opinion that Plaintiff was unable to sustain concentration in a work setting or public environments due to manifestation of her symptoms, nor did Ms. Delsol address Plaintiff's ability to sustain concentration in a work setting. ECF No. 10 at 7-8. Indeed, at the August 2021 appointment cited by the ALJ, Ms. Delsol noted findings from Dr. Nelson's neuropsychological evaluation, including updated primary diagnosis of avoidant personality disorder secondary to PTSD, depression, and ADHD, and explained that intensive personality disorder therapy was recommended. Tr. 1198. Ms. Delsol noted Plaintiff had stopped her medications, and mental status exam findings included loud speech, irritable mood, and impairment in short-term memory. Tr. 1200-01. Again, the ALJ focused on evidence that supported his conclusions concerning Mr. Padilla's opinion when the longitudinal record shows more mixed findings. Without further analysis, on this record the ALJ's

discounting of Mr. Padilla's opinion because Plaintiff responded to treatment and another provider believed she underestimated her executive functioning is also not supported by substantial evidence.

The ALJ's reasons to discount Mr. Padilla's opinion are not supported by substantial evidence.

### 2. *Ms. Lozier and State Agency Consultants.*

Plaintiff also contends the ALJ improperly evaluated the medical opinions of Shara Lozier, LMHC, Michael Regets, PhD, and Rita Flanagan, PhD. ECF No. 10 at 4-16.

As the claim is remanded for the errors in assessing Mr. Padilla's opinion, the Court declines to further address the issue. Upon remand the ALJ will reassess all medical opinion evidence with the assistance of medical expert testimony and using the factors as required by the regulations. The ALJ will adopt the limitations in an opinion or provide reasons supported by substantial evidence to discount the opinion.

### B. Symptom Claims.

Plaintiff contends the ALJ also improperly rejected Plaintiff's symptom complaints. ECF No. 10 at 15-19.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews,* 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.

1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester* at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *see also Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) ("Ultimately, the 'clear and convincing' standard requires an ALJ to show [their] work[.]"). "Thus, to satisfy the substantial evidence standard, the ALJ must provide specific, clear, and convincing reasons which explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony." *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (emphasis in original).

Here, the ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 28.

Plaintiff contends the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony, and that the ALJ's reasoning was not entirely clear and consisted of a summary of mental health records without analysis of which records supported the ALJ's analysis and why. ECF No. 10 at 15-19. Defendant contends the ALJ reasonably discounted Plaintiff's subjective complaints. ECF No. 12 at 3-6.

First, the ALJ discounted Plaintiff's symptom claims because she received "no more than routine mental health care." Tr. 25. The ALJ provided no analysis or explanation of this finding, however, and proceeded to summarize various mental health records. Tr. 25-30. While Defendant contends "the record contained primarily evidence of conservative and routine treatment . . . [as] the ALJ noted, Plaintiff's medical records . . . did not show that she had received more than

routine mental health care," ECF No. 12 at 4-5, the ALJ did not make a finding that Plaintiff's treatment was conservative, Tr. 15-35, and the Court will not consider Defendant's post hoc rationalization.  *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").  Indeed, the ALJ concluded only that records "do not show that the claimant received more than routine mental health care" and summarized some of Plaintiff's records but failed to explain or offer any analysis of how or why this was inconsistent with Plaintiff's symptom claims.  Tr. 25.

      The ALJ noted, for example, without analysis, that Plaintiff had seen a psychiatrist, took medications including bupropion, lamotrigine, and lorazepam for impairments including PTSD, a bipolar disorder, and anxiety, and that she "was participating in therapy and outpatient programs"; and records also show she was referred for psychiatric and neuropsychiatric evaluations and trauma specific therapy during the period at issue due to persistent symptoms, with additional diagnoses including a personality disorder and ADHD.  Tr. 25-30; *see, e.g.,* Tr. 372-73, 444-50, 461-62, 1003, 1198, 1218-25.  The ALJ provided no analysis or explanation, however, of why or how Plaintiff's mental health care was only routine and/or inconsistent with her symptom claims.  Tr. 18-30.  "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).  Again, without the ALJ offering more than his stated conclusions, the Court is unable to meaningfully review whether the ALJ's interpretation of the evidence is reasonable.  *See Brown-Hunter*, 806 F.3d at 492.

On this record, without further analysis, the ALJ's conclusion Plaintiff received no more than routine mental health care was not a clear and convincing reason supported by substantial evidence to discount her symptom claims.

The ALJ also found that records showed Plaintiff improved with treatment and listed some of her activities or report of her activities, but again provided only a summary of records with little to no analysis. Tr. 25-30.

As the claim is remanded for reconsideration of the medical opinion evidence with the assistance of medical expert testimony, the Court declines to further address this issue. Upon remand the ALJ is also instructed to reevaluate Plaintiff's symptom claims in the context of the entire record.

## VIII.   CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and not free of harmful error. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further proceedings are necessary to reassess conflicting medical opinions and to obtain medical expert testimony.

On remand, the ALJ is instructed to obtain all updated medical evidence. The ALJ shall reevaluate the medical evidence of record with the assistance of medical expert testimony. The ALJ will reassess the medical opinion evidence utilizing the factors required by the regulations, and will also reperform the sequential analysis, taking into consideration Plaintiff's symptom claims as well as any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS HEREBY RECOMMENDED** Plaintiff's Motion to reverse, **ECF No. 10**, be **GRANTED**; Defendant's Motion to affirm, **ECF No. 12**, be **DENIED**; and the District Court Executive enter **Judgment for Plaintiff REVERSING and REMANDING** the matter for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

## IX. OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within fourteen (14) days after receipt of the objection. Attention is directed to Fed. R. Civ. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72; LMJR 2, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to update the docket sheet to reflect the substitution of Martin O'Malley as Defendant and file this Report and Recommendation and provide copies to counsel.

DATED September 27, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE